UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

LANDSTAR RANGER, INC.,

    Plaintiff,

v.                                    Case No.:

CENTURION CONTAINER, LLC,
and COLONIAL GROUP, INC.

    Defendants
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, LANDSTAR RANGER, INC., by and through the undersigned counsel, and for its Complaint for Damages and Jury Demand against Defendants CENTURION CONTAINER, LLC and COLONIAL GROUP, INC. allege and state as follows:

## INTRODUCTION

1.

This is a diversity action seeking recovery for damages suffered by Plaintiff Landstar Ranger, Inc. after a hazardous material, hydrochloric acid, escaped a container, causing damages to Plaintiff's tractor trailer and damages for the subsequent cleanup of the hazardous material from the location of incident. This lawsuit is brought under the substantive product liability and negligence laws of the State of Georgia.

## PARTIES

2.

Plaintiff, LANDSTAR RANGER, INC. (hereinafter "Plaintiff") is a foreign for profit corporation incorporated in the State of Delaware with a principal business address of 13410

1

Sutton Park Drive South, Jacksonville, FL 32224 and was registered to conduct business in the State of Georgia as of December 6, 1983.

3.

CENTURION CONTAINER, LLC (hereinafter "Centurion") is a foreign for profit corporation incorporated in the State of New Jersey with a principal business address of 15555 S. Lasalle St. S. Holland, IL 604730000.

4.

COLONIAL GROUP, INC. (hereinafter "Colonial") is a domestic for profit corporation incorporated under the laws of the State of Georgia with a principal office address of 101 N. Lathrop Ave, Savannah, GA 31415-0576.

## JURISDICTION AND VENUE

5.

The Plaintiff is a citizen of and domiciled in the State of Delaware.  Defendant Centurion is a citizen of and domiciled in the State of New Jersey.  Defendant Colonial is a citizen of and domiciled in the State of Georgia.  The amount in controversy, without interests and costs, exceeds the sum or value specified in 28 U.S.C. § 1332.  This incident occurred in Clinch County, Georgia.  Accordingly, jurisdiction and venue is conferred upon the Valdosta division of the United States District Court for the Middle District of Georgia.

## FACTUAL ALEGATIONS
## COMON TO ALL CLAIMS FOR RELIEF

6.

On or about June 2, 2020, Plaintiff, through truck owner Jonathan Ward and approved diver and employee of Jonathan Ward, Edward Coles, was involved in the transportation of fifteen (15)

containers filled with hydrochloric acid from Savannah, Georgia to Panama City, Florida. Hydrochloric acid is a hazardous material pursuant to 49 CFR § 172.101.

7.

The hydrochloric acid containers were manufactured by Defendant, CENTURION, in New York, New York.

8.

On or about June 2, 2020, the containers were filled with hydrochloric acid and loaded onto Plaintiff's tractor trailer by Defendant Colonial in Savannah, Georgia.

9.

On or about June 2, 2020, during the transportation of the hydrochloric acid containers, Plaintiff's employee driver Jonathan Ward stopped in Homerville, Georgia for a beverage and to check the tires on the subject tractor trailer.

10.

On said date, upon inspecting the tires on the subject tractor trailer, Plaintiff's approved driver Edward Coles observed liquid leaking from the left rear of the trailer and called 911 and the Plaintiff. The liquid leaking was identified as hydrochloric acid.

11.

As a result thereof, emergency services, including the Douglas Fire Department Regional Hazmat Team, responded to the location of the subject tractor trailer and ordered the evacuation of one half (1/2) miles downwind, including Clinch Memorial Hospital, due to the formation of a hydrochloric acid vapor cloud as a result of the escaped hydrochloric acid.

12.

As a result thereof, Plaintiff retained the services and expense of Hepaco to remediate the escaped hydrochloric acid.

13.

During the remediation, it was discovered the hydrochloric acid escaped the container due to a valve on the container being manufactured without a gasket. (hereinafter "the subject container and its component parts").

14.

Plaintiff previously made demand upon Defendants to pay or reimburse the amount it expended in repairs and remediation to property affected by the escaped hydrochloric acid and cost of the subject trailer and has not received payment to date.

15.

The Affidavit of Brian Pfeifer, a licensed Professional Engineer, is attached hereto as Exhibit "A" and filed contemporaneously with this Complaint for Damages in full compliance with O.C.G.A. § 9-10-31, Ga. Const. art. VI, § 2, ¶ IV, and other applicable laws, as a substantial part of the claim, including the tortious act or omission and at least one defect related to the container and/or its component parts that caused the damages sustained by Plaintiff.

16.

Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

## COUNT I
## Strict Liability

17.

Plaintiff hereby realleges and reaffirms paragraphs one (1) through sixteen (16) above as if fully set forth herein, and further alleges:

18.

At all times material to the allegations in this Complaint, Defendant Centurion was in the business of designing and manufacturing containers designed to hold hazardous materials and did design, manufacture, market, and distribute the subject container giving rise to the subject matter of this lawsuit in Georgia.

19.

Under O.C.G.A. § 51-1-11 and other applicable case law, Centurion is strictly liable to Plaintiff for the design and/or manufacturing defects in the subject container and its components because the container and its components were not merchantable or reasonably suited for its intended use when it was sold as new, and its defective condition when sold was the proximate cause of Plaintiff's damages. In other words, the subject container and its component parts, was defective when it left control of Centurion, as the designer and manufacturer of the product, and the product's defect proximately caused Plaintiff to suffer damages. That the subject container, and its parts, was defective when it left the control of Defendant Centurion is evident as approximately eleven (11) other containers from Centurion suffered from the same defect and Centurion accepted the defective containers back from Defendant Colonial at no cost shortly after the subject incident.

20.

Defendant Centurion is strictly liable to Plaintiff for the design defects in the subject container and its components because the risks inherent in the containment of hazardous materials outweigh any utility or benefit derived from the product, particularly considering the availability of safe alternative designs. At all times pertinent hereto, Defendant Centurion knew, as a product designer and manufacturer, that the subject container and its components had to be designed and manufactured to minimize risks versus utilities, yet Defendant Centurion designed, manufactured,

marketed, and placed into the stream of commerce a defective and unreasonably dangerous product, exposing consumers, including Plaintiff and the public alike, to a serious risk of harm.

21.

Defendant Centurion's defective product, the subject container and its components, was the proximate cause of Plaintiff's damages, and therefore, Defendant Centurion is strictly liable for all injuries and damages to Plaintiff related to this incident, in an amount in excess of the jurisdictional minimum necessary to confer jurisdiction in this Court.

**COUNT II**
**Negligence**

22.

Plaintiff incorporates the preceding paragraphs verbatim into this count.

23.

At all times pertinent hereto, Defendant Centurion had a duty of reasonable care to design, manufacture, market, and distribute non-defective products, including the subject container and its components, that are reasonably safe for their intended uses.

24.

Defendant Centurion breached that duty when it designed, manufactured, tested, marketed, and placed into the stream of commerce a defective and unreasonably dangerous product, the subject container and its components, which posed a serious safety hazard to consumers, including the Plaintiff and the public alike.

25.

As is evident by the number of defective containers and their component parts produced and returned to Defendant Centurion, Defendant Centurion knew, or in the exercise of ordinary care, should have known through its own testing, that the subject container, and its component

parts, was unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Despite this knowledge, Defendant Centurion marketed and sold a defective product, exposing the public and Plaintiff to an unreasonable risk of harm.

26.

Defendant Centurion owed Plaintiff, as well as the public at large, the duty of reasonable care in designing and manufacturing the subject container and its component parts. Defendant Centurion failed to act as an ordinary, prudent manufacturer in designing and manufacturing the subject container and its component parts and violated its duties to the public, including Plaintiff, and was negligent. Defendant Centurion's negligence in designing and/or manufacturing the defective subject container and its component parts was the proximate cause of Plaintiff's damages, as described herein.

27.

Defendant Centurion is liable for its negligence for all injuries and damages to Plaintiff related to this incident, in an amount in excess of the jurisdictional minimum necessary to confer jurisdiction in this Court.

## COUNT III

### Breach of Implied Warranties

28.

Plaintiff incorporates the preceding paragraphs verbatim into this count.

29.

Defendant Centurion warranted that the subject container and its component parts was of good and merchantable quality; that it was safe for use as a container for hazardous materials and that it was properly designed, manufactured, inspected, assembled, and tested.

30.

Defendant Centurion breached the warranties alleged above in that the subject container, and its component parts, was not of good and merchantable quality, was not suitable of performing the function for which it was intended, and was not properly designed, manufactured, inspected, assembled, or tested.

31.

As a direct result of Defendant Centurion's breach of warranties, Plaintiff has suffered and will continue to suffer from the damages alleged herein.

## COUNT IV
### Negligence

32.

Plaintiff hereby realleges and reaffirms paragraphs one (1) through sixteen (16) above as if fully set forth herein, and further alleges:

33.

At all times pertinent hereto, Defendant Colonial had a duty of reasonable care in using the subject container and its component parts, filling of the subject container and its component parts, and the loading of the subject container and its component parts, such that the subject container and its component parts were reasonably safe for their intended uses.

34.

Defendant Colonial breached that duty when it used and/or filled and/or loaded the subject container and its component parts into Plaintiff's tractor trailer in a negligent manner which posed a serious safety hazard to consumers, including the Plaintiff and the public alike.

35.

Defendant Colonial knew, or in the exercise of ordinary care, should have known through its own testing, that the subject container and its component parts, was unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Despite this knowledge, Defendant Colonial used and/or filled and/or loaded the subject container and its component parts, a defective product, exposing the public and Plaintiff to an unreasonable risk of harm.

36.

Defendant Colonial owed Plaintiff, as well as the public at large, the duty of reasonable care in using and/or filling and/or loading the subject container and its component parts. Defendant Colonial failed to act as an ordinary, prudent consumer of the subject container and its component parts would in using and/or filling and/or loading of the subject container and its component parts would and has violated its duties to the public, including Plaintiff, and was negligent. Defendant Colonial's negligence in using and/or filling and/or loading the defective subject container and its component parts was the proximate cause of Plaintiff's damages, as described herein.

37.

Defendant Colonial is liable for its negligence for all injuries and damages to Plaintiff related to this incident, in an amount in excess of the jurisdictional minimum necessary to confer jurisdiction in this Court.

## **DAMAGES**

38.

Plaintiff incorporates the preceding paragraphs verbatim into this count.

39.

Plaintiff seeks recovery from Defendants Centurion and Colonial for any lost income, expenses, and earning capacity proximately flowing from, substantially caused by, or resulting from the subject incident, as to be shown more fully by the evidence at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

(a) That the Court issue service of process to Defendants as authorized by law;

(b) That Defendants Answer this Complaint as provided by law;

(c) That Plaintiff have a trial by jury;

(d) That Plaintiff recover from Defendants for all damages, economic and non-economic, tangible and intangible, general and special, as allowed by Georgia law and set forth above;

(e) That all costs be taxed against Defendants; and

(f) That the Court awards such other and further relief, as it shall deem just and appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 6th day of July, 2021.

                        CONROY SIMBERG
                        *Attorneys for Landstar Ranger, Inc.*
                        126 North Broad Street
                        Thomasville, GA 31792
                        Telephone:  (229) 236-6126
                        Facsimile:  (229) 226-5744

                        By:   /s/ Joshua C. Canton
                              Joshua C. Canton, Esquire
                              Georgia Bar No. 683228
                              eservicetal@conroysimberg.com
                              jcanton@conroysimberg.com

                Justin B. Hales, Esquire
                Georgia Bar No. 340174
                jhales@conroysimberg.com